UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-80770-WPD (Dimitrouleas/Snow)

AGUSTIN ECHAVARRIA, *et al.*,
on behalf of themselves and all
others similarly situated,

    Plaintiffs,

vs.

AMERICAN VALET PARKING
MANAGEMENT, INC., et al.,

    Defendants.
_____/

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES PURSUANT TO COURT'S MAY 20, 2015 ORDER GRANTING BY DEFAULT PLAINTIFFS' MOTION FOR SANCTIONS BASED ON DEFENDANTS' CONTINUED MALFEASANCE IN CONNECTION WITH THEIR FAILURE TO COMPLY WITH COURT ORDERS**

    Plaintiffs, AUGUSTIN ECHAVARRIA *et al.*, on behalf of themselves and all others similarly situated, by and through undersigned counsel, pursuant to this Court's May 20, 2015 Order Granting by Default Plaintiffs' Motion for Sanctions Based on Defendants' Continued Malfeasance in Connection with Their Failure to Comply with Court Orders, hereby file their motion for attorneys' fees, as to amount:

    1.    As attested to by Plaintiffs' undersigned counsel, Daniel R. Levine, Esq., Plaintiffs reasonably incurred 20.2 hours at counsel's normal and customary (and reasonable) rate of $425.00, for a total of $8,585.00 in attorneys' fees with respect to their efforts to compel compliance with the Court's Orders. *See* Exhibit "A" attached hereto.

    2.    Plaintiffs' counsel also would note that he provided a copy of the instant motion, along with the exhibit attached hereto, to defendants' counsel on Friday, May 29,

2015, requesting that he indicate whether defendants intend to file an opposition. Plaintiffs' counsel also attempted to engage in dialogue in a good faith effort to resolve the amount sought without the Court's intervention. Defendants' counsel failed to respond. Following the intervening weekend, on Monday, June 1, 2015, Plaintiffs' counsel followed up with defendants' counsel, to which defendants' counsel responded, indicating that he would review the motion and attached exhibit yesterday afternoon (and presumably get back with plaintiffs' counsel thereafter). However, as of the time of filing, defendants' counsel has not gotten back to plaintiffs' counsel in any manner whatsoever.

3.  As demonstrated by Exhibit "A", undersigned counsel has been in practice for twenty (20) years and has been certified by the Florida Bar as a Board Certified Specialist in labor and employment law since 2002. Undersigned counsel has considerable experiencing litigating FLSA claims, both on behalf of plaintiffs and defendants, and also has been lead counsel in nationwide collective actions prosecuted under the FLSA. Undersigned counsel is a name partner in the law firm Bennardo Levine LLP. Moreover, undersigned counsel bills out at the normal and customary rate of $425 for those clients who retain him on an hourly basis. Plaintiffs therefore would submit $425 is a reasonable hourly rate for plaintiffs' counsel. *Cf. Great Lakes Transp. Holding LLC v. Yellow Cab Service Corp. of Florida, Inc.*, 2011 WL 4118234, *2-3 (S.D. Fla., September 15, 2011 ($425 hourly rate reasonable for attorney practicing in South Florida for twenty-seven years, who had extensive experience handling complex commercial and business litigation); *Gray v. Novell, Inc.*, 2012 WL 3871872, *11 (M.D. Fla., September 6, 2012) ($425 hourly rate reasonable for partner in a law firm with more than twenty years

of legal experience, who had been identified as a trademark expert); *Brother v. BFP Investments, Ltd.*, 2010 WL 2978080, *7-8 (S.D. Fla., July 26, 2010 ( ($425 hourly rate reasonable for attorney practicing twenty-four years and concentrating solely on the practice of ADA litigation); *BASF Corp. v. Collision One, Inc.*, 2010 WL 1797750, *1 (S.D. Fla., May 4, 2010) (finding $450 hourly rate reasonable for experienced partner); *Blue Water Marine Servs. v. M/Y Natalita, III*, 2010 WL 1330265 (S.D.Fla., Feb. 2, 2010) (finding $425 hourly rate reasonable for an experienced partner); *CC–Aventura, Inc. v. Weitz Co., LLC*, 2008 WL 276057 (S.D.Fla., Jan. 31, 2008) (holding as reasonable eighth-year associate hourly rate of $400); *CBS Broadcasting, Inc. v. Browning*, 2007 WL 2850527 (S.D.Fla., Sept. 21, 2007) (holding reasonable partner hourly rates of $350–550).

3.     A district court's "decision regarding the appropriate hourly rate may be made either by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise." *Lane v. Capital Acquisitions and Management Co.*, 554 F. Supp. 2d 1345, 1349 (S.D. Fla. 2008), citing *Avirgan v. Hull*, 705 F. Supp. 1544, 1549 (S.D. Fla. 1989) (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).  The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Lane*, 554 F. Supp. 2d at 1349, citing *Norman v. Housing Auth.*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984)).  The court itself is considered to be an expert "and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Lane*, 554

F. Supp. 2d at 1350, citing *Norman v. Housing Auth.*, 836 F.2d at 1303.

4. At the heart of the reasonable hours concept is the guidance from the United States Supreme Court requiring fee applicants to use "billing judgment" in the listing of the hours spent on a case, making "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," *Lane*, 554 F. Supp. 2d at 1349, citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), "irrespective of the skill, reputation or experience of counsel," *Lane*, 554 F. Supp. 2d at 1349, citing *Norman v. Housing Auth.*, 836 F.2d at 1301 (citing *Hensley*, 461 U.S. at 434).  Once the prevailing market rate is determined, it is then multiplied by the number of reasonable hours expended on the matter.  *Lane*, 554 F. Supp. 2d at 1349, citing *Norman v. Housing Auth.*, 836 F.2d at 1299.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court grant their motion, enter an order in accordance therewith, and take such other and further action as it deems just and proper.

Dated:   June 2, 2015                                   Respectfully submitted,

                                                        */s Daniel R. Levine*
                                                        DANIEL R. LEVINE, ESQ.
                                                        Fla. Bar No. 0057861
                                                        E-mail:  drlevine@bennardolevine.com
                                                        Bennardo Levine, LLP
                                                        1860 NW Boca Raton Boulevard
                                                        Boca Raton, FL  33432
                                                        Telephone:   (561) 392-8074
                                                        Facsimile:   (561) 368-6478
                                                        Counsel for Plaintiffs
                                                        *Via CM/ECF*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Agustin Echavarria, et al. v. American Valet Parking Management, Inc., et al.*
Case No. 9:14-cv-80770-WPD (Dimitrouleas/Snow)
United States District Court, Southern District of Florida

| | |
|---|---|
| Daniel R. Levine, Esquire<br>E-Mail:  drlevine@bennardolevine.com<br>Bennardo Levine LLP<br>1860 NW Boca Raton Blvd.<br>Boca Raton, FL  33432<br>Telephone:  (561) 392-8074<br>Facsimile:   (561) 368-6478<br>Counsel for Plaintiffs<br>*Via CM/ECF* | Gary W. Kovacs, Esquire<br>E-Mail:  gkovacs@fwblaw.net<br>Frank Weinberg Black<br>1875 NW Corporate Blvd., Suite 100<br>Boca Raton, FL  33431<br>Telephone:  (561) 989-0700<br>Facsimile:   (954) 474-9850<br>Counsel for Defendants<br>*Via CM/ECF* |