UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-80770-WPD

AGUSTIN ECHAVARRIA, JOHANNA ALEXANDRA
GARCIA PACHON, CARLOS HIGUERA, WILLIAM
LOPEZ, DAVID DIAZ MENDOZA, MANUEL ANTONIO
PIMENTEL ORTIZ, REYNALDO RAMIREZ, LUIS
RIVERA, YEINSON TORRES, and ISABEL VILLAMIL,
on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

AMERICAN VALET PARKING MANAGEMENT, INC.,
a Florida corporation, d/b/a Florida Valet Parking Services,
DIAMOND VALET PARKING, INC., a Florida corporation,
d/b/a Florida Valet Parking, NATIONAL PARKING
MANAGEMENT, INC., d/b/a Florida Valet Parking Services,
PARK U.S. MANAGEMENT, INC., a Florida corporation,
d/b/a Florida Valet Parking, STATEWIDE VALET PARKING
SERVICES, INC., a Florida corporation, d/b/a Florida Valet
Parking Services, VALET ONE PARKING, INC., a Florida
corporation, d/b/a Florida Valet Parking, VALET PARKING
PROFESSIONALS, INC., a Florida corporation, d/b/a Florida
Valet Parking, and JOHN BELLINATO, JR., individually,

    Defendants.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the July 1, 2015, Report and Recommendation of Magistrate Judge Lurana S. Snow (the "Report") [DE 194]. The Court has conducted a *de novo* review of the Report [DE 194], Defendants' Objection [DE 212], Plaintiffs' Response [DE 215/216] and the record herein.[1] The Court is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions

---

[1] Defendants' failed to timely file a Reply memorandum. *See* S. D. Fla. L.R. 7.1.

of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and Defendants' Objection to Magistrate Judge's Report and Recommendation.

In the Report, Magistrate Judge Snow recommends that the undersigned grant, in part, Plaintiffs' Motion for Attorneys' Fees Pursuant to Court's May 20, 2015 Order Granting by Default Plaintiffs' Motion for Sanctions Based on Defendants' Continued Malfeasance in Connection With Their Failure to Comply With Court Orders [DE 172], and that the Plaintiffs be awarded sanctions in the form of attorneys' fees in the amount of $7,775.00.

Defendants make a number of objections, all of which are unavailing. Defendants assert that the hourly rate of $375.00 per hour is unreasonable. Defendants contend that this rate is higher than the prevailing hourly rate for these types of cases.   Judge Snow already reduced the original hourly rate from $425.00 to $375.00.   Moreover, in addition to the Court itself being an expert on whether a fee is reasonable, the appropriateness of the $375.00 hourly rate is supported in the record by a sworn affidavit. *See* [DE 172-1].

2

Defendants also argue that 20.2 hours in attorneys' fees should be reduced, because Judge Snow characterized them as "somewhat excessive." However, Defendants' objection fails to point to any particular claimed hours that should be reduced. Additionally, the Court agrees with Judge Snow that 20.2 hours claimed is not an unreasonable amount.

Finally, Defendants assert that the Report fails to make clear which Defendants are being ordered to pay the attorneys' fee award. However, the original sanctions motion [DE 130] was directed at all of the Defendants who were parties at the time the Court entered the December 1, 2014 Order Granting Motion to Conditionally Certify Collective Action and Facilitate Notice to Similarly Situated Employees [DE 52], based upon their collective malfeasance in failing to comply with the Court's Orders. Thus, all Defendants, except Florida Valet Parking Services, Inc., Angela Cebotar, John Kavekos, Sr., and Javier Reynoso, are jointly and severally liable for the payment of the sanctions award.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 194] is hereby **ADOPTED and APPROVED**;

2. Defendants' Objections [DE 212] are **OVERRULED**;

3. Plaintiffs' Motion for Attorneys' Fees Pursuant to Court's May 20, 2015 Order Granting by Default Plaintiffs' Motion for Sanctions Based on Defendants' Continued Malfeasance in Connection With Their Failure to Comply With Court Orders [DE 172] is hereby **GRANTED in part**;

4. Plaintiffs are awarded sanctions in the form of attorneys' fees in the amount of $7,775.00.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of August 2015.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record

Magistrate Judge Lurana S. Snow