UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-80770-WPD (Dimitrouleas/Snow)

AGUSTIN ECHAVARRIA, *et al.*,
on behalf of themselves and all
others similarly situated,

    Plaintiffs,

vs.

AMERICAN VALET PARKING
MANAGEMENT, INC., et al.,

    Defendants.
                                   /

## PLAINTIFFS' MOTION FOR PRETRIAL CONFERENCE
## AND REQUEST FOR EXPEDITED RULING

Plaintiffs, AUGUSTIN ECHAVARRIA *et al.*, on behalf of themselves and all others similarly situated, by and through undersigned counsel, hereby file their motion for pretrial conference and request for expedited ruling, and as grounds therefor state as follows:

1. Calendar call currently is scheduled for this Friday, August 21, 2015, with the trial docket commencing Monday, August 24, 2015.

2. On or about June 12, 2015, the Court entered its default final judgment against three (3) of the Defendants: Florida Valet Parking Service, Inc., Angela Cebotar and John P. Kavekos, Sr. While the judgment itself was only against these Defendants, the Court made express and specific factual findings impacting the potential liability of the remaining Defendants. Indeed, while Defendants disagree, Plaintiffs do not believe that any issues remain to be tried other than relating to damages. *See* Joint Pretrial Stipulation, Section

VI [DE 222].[1]

3.     On July 10, 2015, the parties, with the exception of Defendant, Park U.S. Management, Inc. ("Park"), participated in mediation, resulting in an impasse. At the mediation, **_over a month ago_**, Defendants' counsel represented to Plaintiffs' counsel that he intended to withdraw from representing Park.

4.     Defendants' counsel subsequently represented to the Court in a filed paper that he has represented Park at all times material hereto and continues to do so [DE 214].

5.     At a hearing held on or about July 29, 2015, memorialized by an order dated July 30, 2015 [DE 219], this Court ordered Park to attend an additional mediation conference, at Park's expense, by no later than August 19, 2015, as a consequence of its failure to participate in the previously scheduled July 10, 2015 mediation. **_Significantly, at the July 29, 2015 hearing, Defendants' counsel represented once again that he intended to withdraw from representing Park as a result of an undisclosed conflict; yet no motion was filed between the date of the July 29, 2015 hearing up to and including this morning_**.

6.     Since July 30, 2015, Plaintiffs' counsel has made numerous attempts to coordinate the court-ordered Park mediation with Defendants' counsel. Defendants' counsel failed to respond to any of Plaintiffs' counsel's attempts until yesterday (Sunday) afternoon, when he sent an email to Plaintiffs' counsel as follows:

> Let's schedule mediation for Wednesday. It will be very short.... I am withdrawing [on behalf of Park U.S. Management, Inc.].... I don't think that there will be a trial.

---

[1]     Additionally, Plaintiffs believe certain of the Defendants are judicially estopped from raising certain issues at the trial of this matter, as a result of a recently rendered verdict in a related case, *Salgado v. Florida Valet Parking Service, Inc. et al.*, Case 9:13-cv-80846-KAM [DE 82].

7. Plaintiffs' counsel immediately attempted to communicate with Defendants' counsel in an attempt to understand exactly what he meant by this email communication, particularly the last part. Today, Plaintiffs' counsel sent three separate emails to Defendants' counsel, in addition to leaving a message with Defendants' counsel's assistant, in an attempt to confer regarding this matter. Defendants' counsel did not communicate with Plaintiffs' counsel until about 12:30 pm, at which point Defendants' counsel relayed the following to Plaintiffs' counsel:

    A. That a motion to withdraw from representing Park, along with a motion to extend the time to complete the court-ordered mediation, was "on his assistant's desk" and would be filed this afternoon;

    B. That he simply had been unable to communicate with Park;

    C. That unless certain terms and conditions were met by his clients, he did not intend to represent the remaining Defendants at the trial of this matter; and

    D. That the Defendants may very well default and file for bankruptcy protection, rather than go through a trial.

8. Plaintiffs do not believe it is in the interests of judicial efficiency or fundamental fairness to incur the time and expense to prepare and try this case based on the current procedural posture, not to mention the candid representations of Defendants' counsel. In the event the Court intends to commence the trial of this cause next Monday, Plaintiffs must prepare and serve a number of trial subpoenas on third-party witnesses, which also will disrupt the business of these witnesses, perhaps unnecessarily, if in fact the trial is not going to commence or if in fact Defendants follow through with their threats to default

and/or file for bankruptcy protection. This is patently unfair and prejudicial to the Plaintiffs, Plaintiffs' counsel and the witnesses.[2]  Further, this Court's time, and a potential jury pool, will be completely wasted if in fact this occurs.

9. Based on all of the above circumstances, Plaintiffs respectfully request that this Court schedule a pretrial conference, on an expedited basis, in order to fully discuss with the Court these issues and how the Court intends to proceed.  Plaintiffs' counsel respectfully requests that the Court schedule such a conference within the next day or so or even by telephone as early as this afternoon if the Court agrees a conference is warranted and/or that a telephonic appearance would best serve to expedite matters.

### CERTIFICATION PURSUANT TO S.D. FLA. L.R. 7.1(a)(3)

10. Plaintiffs' undersigned counsel hereby certifies that he has conferred with Defendants' counsel, Gary Kovacs, who objects to the relief sought.[3]

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their motion, enter an order in accordance therewith, and take such other and further action as it deems just and proper.

---

[2] Moreover, the Defendants thus far have steadfastly refused to comply with the recent sanctions order entered by this Court.  *See* DE 221 and 223.

[3] In fact, right after Defendants' counsel provided his position to Plaintiffs' counsel, he filed his motion to withdraw on behalf of Park, requesting in the proposed order that this Court allow Park thirty (30) days to retain successor counsel, which essentially effectuates a requested continuance of this matter. DE 227-1.  Plaintiffs have reason to believe that this is nothing more than a ruse, orchestrated by the other Defendants and Defendants' counsel, as Plaintiffs firmly believe Park is owned, operated and controlled by these same Defendants.  To this end, the Court should entertain holding an evidentiary hearing in order to get to the bottom of the alleged "irreconcilable differences" between Defendants' counsel and Park.

Dated:  August 17, 2015　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s Daniel R. Levine*
　　　　　　　　　　　　　　　　　　　　DANIEL R. LEVINE, ESQ.
　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 0057861
　　　　　　　　　　　　　　　　　　　　E-mail:  drlevine@bennardolevine.com
　　　　　　　　　　　　　　　　　　　　Bennardo Levine, LLP
　　　　　　　　　　　　　　　　　　　　1860 NW Boca Raton Boulevard
　　　　　　　　　　　　　　　　　　　　Boca Raton, FL  33432
　　　　　　　　　　　　　　　　　　　　Telephone:   (561) 392-8074
　　　　　　　　　　　　　　　　　　　　Facsimile:    (561) 368-6478
　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiffs
　　　　　　　　　　　　　　　　　　　　*Via CM/ECF*

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Agustin Echavarria, et al. v. American Valet Parking Management, Inc., et al.*
Case No. 9:14-cv-80770-WPD (Dimitrouleas/Snow)
United States District Court, Southern District of Florida

| Daniel R. Levine, Esquire<br>E-Mail:  drlevine@bennardolevine.com<br>Bennardo Levine LLP<br>1860 NW Boca Raton Blvd.<br>Boca Raton, FL  33432<br>Telephone:  (561) 392-8074<br>Facsimile:  (561) 368-6478<br>Counsel for Plaintiffs<br>*Via CM/ECF* | Gary W. Kovacs, Esquire<br>E-Mail:  gkovacs@fwblaw.net<br>Frank Weinberg Black<br>1875 NW Corporate Blvd., Suite 100<br>Boca Raton, FL  33431<br>Telephone:  (561) 989-0700<br>Facsimile:  (954) 474-9850<br>Counsel for Defendants<br>*Via CM/ECF* |